IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CLAIREATHA MCRAE )
) No. 3-08-1061
v. )
)
AKAL SECURITY, INC. )

TO: Honorable Aleta A. Trauger, District Judge

REPORT AND RECOMMENDATION

By order entered January 6, 2010 (Docket Entry No. 33), the defendant's motion to enforce the settlement agreement (Docket Entry No. 30) was referred to the Magistrate Judge for disposition under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure.

I. Background

The plaintiff filed this lawsuit on November 3, 2008, asserting claims for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and gender discrimination under the Pregnancy Discrimination Act.[1] The defendant filed an answer (Docket Entry No. 5), and a case management order was entered (Docket Entry No. 19), governing the progression of the case.

---

[1] Although the plaintiff did not expressly specify in her complaint, it appears that the plaintiff was asserting a claim under the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k), which was enacted in 1978 as an amendment to Title VII.

By order entered July 27, 2009 (Docket Entry No. 23), the Court recited that the parties had notified court personnel that "this case has settled," and the parties were directed to file a stipulation of dismissal or other settlement document within 20 days.

Upon the parties' joint motion (Docket Entry No. 24), the time for the parties to file a stipulation of dismissal was extended, by order entered August 18, 2009 (Docket Entry No. 25), to August 31, 2009. On the parties' second joint motion (Docket Entry No. 26), the time for the parties to file a stipulation of dismissal was again extended, by order entered September 1, 2009 (Docket Entry No. 28), to September 9, 2009.

On September 9, 2009, the plaintiff filed a "Notice of Status" as follows:

> The Parties previously moved this honorable Court for a continued extension of the deadline to file a stipulation of dismissal until today, Wednesday, September 9, 2009. This joint motion was granted by this honorable Court on September 1, 2009. The primary basis for the parties' joint motion was that, although the settlement documents had been drafted and reviewed by counsel for the Plaintiff, said counsel had not been able to make contact with the Plaintiff to have her come in to review these documents. The Plaintiff was eventually contacted and came in to her counsel's office this morning and has expressed to said counsel that she does not wish to sign said settlement documents and has not done so. It is counsel for the Plaintiff's understanding that the Defendant will file a motion to enforce the settlement agreement.

Docket Entry No. 29.

As anticipated by plaintiff's counsel, the defendant filed the instant motion to enforce the settlement agreement. In support of its motion and as two lawyers for the defendant attest in their declarations (Docket Entry Nos. 31-32), the defendant recounts that counsel for the parties had "numerous settlement communications," culminating in a conversation on July 2, 2009, in which plaintiff's counsel accepted terms of a settlement proposed by the defendant. Docket Entry No. 30-1, at 2; Docket Entry No. 31, at 1-2 ¶¶ 3-4. The defendant represents that the

2

principal terms of the settlement included a payment to the plaintiff, and agreements of the plaintiff to dismiss the lawsuit with prejudice, provide the defendant with a general release of claims, and not seek reemployment with the defendant. Docket Entry No. 30-1, at 2; Docket Entry No. 31, at 2 ¶ 5. Pursuant to that oral agreement between counsel for the defendant and the plaintiff, defendant's counsel forwarded a written settlement agreement memorializing the terms of the agreement to plaintiff's counsel. Docket Entry No. 30-1, at 3; Docket Entry No. 31, at 2 ¶ 5; Docket Entry No. 32, at 2 ¶ 4.

When the plaintiff did not return a signed settlement agreement, defendant's counsel communicated on a regular basis with plaintiff's counsel to determine the status and to seek a response. Docket Entry No. 30-1 at 3; Docket Entry No. 32, at 2 ¶¶ 5-8, and at 13-29. At no time, until September 9, 2009, when plaintiff's counsel advised that the plaintiff refused to sign the settlement agreement, did plaintiff's counsel indicate that there was any problem with the settlement.

Before filing the instant motion, defendant's counsel called plaintiff's counsel to determine why the plaintiff had not signed the settlement agreement, and, according to defendants counsel, plaintiff's counsel:

> unequivocally affirmed that he had the authority to settle this Matter on his client's behalf. Plaintiff's counsel admitted that Plaintiff McRae decided not to sign the written document simply because she had become dissatisfied with the terms of the Parties' agreement. Specifically, Plaintiff's counsel represented to me that Plaintiff McRae was dissatisfied with the monetary amount of the settlement agreement.
>
> Plaintiff's counsel has never disputed the existence of a settlement agreement nor asked for modification of the terms of the settlement that were memorialized in the written agreement presented to him and his client.

Docket Entry No. 31, at 2, ¶¶ 6-7; Docket Entry No. 32, at 3, ¶¶ 11-12.

3

The plaintiff has not filed a response in opposition to the defendant's motion to enforce the settlement agreement.[2] The Court notes that plaintiff's counsel remains counsel of record and has not sought to withdraw as her counsel.

## II. Discussion

The District Court has the inherent authority to enforce settlement agreements entered into by the parties in pending cases. Bamerilease Capital Corp. v. Nearburg, 958 F.2d 150, 152 (6th Cir.), cert. denied, 506 U.S. 867, 113 S.Ct. 194, 121 L.Ed.2d 137 (1992); Brock v. Scheuner Corp., 841 F.2d 151, 154 (6th Cir. 1988); Bostick Foundry Co. v. Lindberg, 797 F.2d 280, 282-83 (6th Cir. 1986), cert. denied sub nom Dakmak v. Lindberg, 479 U.S. 1066, 107 S.Ct. 953, 93 L.Ed.2d 1002 (1987). See also Kukla v. National Distillers Prods. Co., 483 F.2d 619, 621 (6th Cir. 1973). Enforcement of a settlement agreement is appropriate when no substantial dispute exists regarding the entry into and terms of an agreement. The power of a trial court to enforce a settlement agreement has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation. Id. This authority extends to enforcing both oral and written settlement agreements. See Re/Max Int'l, Inc. v. Realty One, Inc., 271 F.3d 633, 646 (6th Cir. 2001), cert. denied, 535 U.S. 987, 122 S.Ct. 1539, 152 L.Ed.2d 466 (2002); Bowater N. Am. Corp. v. Murray Mach., Inc., 773 F.2d 71, 76-77 (6th Cir. 1985).

In Bowater, the Sixth Circuit expressly held that the district court "has the inherent authority and equitable power to enforce agreements in settlement of litigation before it, even

---

[2] See Local Rule 7.01(b).

4

if that agreement has not been reduced to writing." 773 F.2d at 76-77 (citations omitted). See also Moore v. United States Postal Serv., 369 Fed.Appx. 712, 717, 2010 WL 935620 (6th Cir. Mar. 17, 2010); Therma-Scan, Inc. v. Thermoscan, Inc., 217 F.3d 414, 419 (6th Cir. 2000); Brock, 841 F.2d at 154. Again, as the Sixth Circuit pointed out in the oft-cited case of Re/Max,

> [t]he existence of a valid agreement is not diminished by the fact that the parties have yet to memorialize the agreement. When the parties have agreed on the essential terms of a settlement, and all that remains is to memorialize the agreement in writing, the parties are bound by the terms of the oral agreement.

271 F.3d at 646.

The plaintiff has not disputed the defendant's assertion, as attested by its counsel, that an oral agreement was reached and all that remained was to memorialize the agreement in writing. Nor has the plaintiff disputed that her attorney had authority to enter into the oral settlement agreement. Nor is this a situation in which the parties orally agreed to a settlement and the proposed written settlement agreement included terms different from or beyond that to which the parties had orally agreed. It is undisputed that the plaintiff's sole reason for not signing the settlement agreement was that she became dissatisfied with the monetary amount to be paid to her. Docket Entry No. 31, at 2, ¶¶ 6-7; Docket Entry No. 32, at 3, ¶¶ 11-12. The Court finds that the parties had reached an agreement on all material terms. Despite the plaintiff's apparent second thoughts, she is bound to that agreement.[3]

---

[3] The defendant cites Tennessee law on contract enforceability. While theoretically there could be an issue of whether the oral settlement agreement in this case is enforceable under Tennessee law, even though the jurisdiction of this Court is not based on diversity, the basic question is whether a settlement incorporating all material terms of the agreement was, in fact, reached. Given the record presented by the defendant and the lack of response from the plaintiff, it is not necessary to address Tennessee contract law.

5

### III. Relief Sought by the Defendant

In addition to granting the motion, the defendant asks that the Court order the plaintiff to sign the settlement agreement memorializing the terms of the verbal agreement, dismiss the case with prejudice, retain jurisdiction to enforce the parties' agreement after dismissal, and award the defendant its attorneys' fees and costs incurred in enforcement of the parties' settlement agreement.

It is not clear to the Court why it is necessary for the plaintiff to sign anything further if the Court orders that the settlement agreement be enforced. Although the defendant did not specifically seek an order directing the plaintiff to sign an IRS form W-9, the defendant had requested that the plaintiff and plaintiff's counsel forward W-9 forms to defendant's counsel. See Docket Entry No. 32, at 16, 19-20, and 22-23. However, the Court assumes that defendant is fully aware of the plaintiff's Social Security number since she is a former employee of the defendant, and thus it is unnecessary for the plaintiff to return a W-9 form. The Court also assumes that plaintiff's counsel will cooperate in providing his Social Security or tax identification number and, if necessary, in providing the defendant with a W-9 form.

It is also not clear why the Court needs to retain jurisdiction over this matter. If the settlement agreement is enforced, the parties shall consummate the agreement, i.e., the defendant shall pay the plaintiff and her counsel the agreed upon amounts. Likewise, the plaintiff shall be bound to all terms of the settlement agreement as set forth at Docket Entry No. 32, at 7-12. Enforcement of the agreement is a substitute for and tantamount to the plaintiff's signature on the written settlement agreement. The defendant has not provided any basis for the Court to retain jurisdiction over this case once the case is dismissed with prejudice. In addition, the

6

defendant has not represented that the Court's retention of jurisdiction was a term to which the parties agreed. Nor is there any such provision in the settlement agreement drafted by the defendant. See id.

The defendant also seeks an award of an unspecified amount of attorneys' fees for preparing the motion to enforce the settlement agreement. In support of that request, the defendant cites Reifer v. Reifer, 2007 WL 2093788 (Tenn.Ct.App. July 18, 2007), which awarded "costs" on appeal (presumably appellate court costs) to a party who was successful in seeking enforcement of a settlement agreement in a divorce case. That case did not mention imposition of attorney's fees nor does the defendant cite any federal case in which attorney's fees were imposed when a party has successfully enforced a settlement agreement in a case brought in federal court under 28 U.S.C. § 1331. While the Court may have inherent authority to impose attorney's fees as a sanction, the defendant has not advanced any argument that fees should be so imposed, and the Court declines to impose such fees sua sponte under the circumstances of this case, especially when the plaintiff filed no opposition to the defendant's motion.[4]

## IV. Recommendation

For the reasons set forth above, it is respectfully RECOMMENDED that:

---

[4] The Court assumes that the defendant seeks an award of attorneys' fees only against the plaintiff herself, and not against plaintiff's counsel inasmuch as plaintiff's counsel has not engaged in any conduct that would merit the imposition of an award of attorneys' fees under any authority.

7

1. The defendant's motion to enforce the settlement agreement between the parties (Docket Entry No. 30) be GRANTED, except that the defendant's requests for an order requiring the plaintiff to execute any documents be DENIED as unnecessary, for the Court to retain jurisdiction be DENIED, and for an award of attorneys' fees be DENIED; and

2. The case be dismissed with prejudice.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice, and must state with particularity the specific portions of this Report & Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully Submitted,

JULIET GRIFFIN
United States Magistrate Judge